**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

      vs.                                                Case No. 10-cr-3383 WJ

ELIZABETH D. KUPFER, and
JOSEPH KUPFER,

      Defendants.

**MEMORANDUM OPINION AND ORDER**
**REGARDING PENDING PRE-TRIAL MOTIONS**

THIS MATTER comes before the Court upon various motions, including motions in limine and objections to exhibits, which the Court addressed at a hearing held July 23, 2012. The Court ruled on these motions as follows: The following are the Court's rulings on these motions:

I.    United States' Consolidated Motions to Compel Discovery, for *Daubert* Hearings, and to Exclude Evidence Pursuant to Federal Rules of Evidence and Federal Rules of Criminal Procedure as to Counts 9-11 **(Doc. 141)**.

In this motion, the Government contends that it did not receive sufficient disclosure regarding a defense expert, in order to determine whether that experts meets the requirements of expert testimony under *Daubert v. Merrell Dow Pharmeceuticals, Inc.*, 509 U.S. 579 (1993) and Federal Rules of Evidence 702 and 704. The expert at issue here is tax attorney T. Scott Tufts. Mr. Tufts will opine that Lawrence Hess, the Kupfers' tax preparer, failed to examine KC's underlying business documents, such as bank statements, KC's business books and records after

he became aware of a tax delinquency problem.[1]

Defendants contend that their response to the motion (Doc. 157) sufficiently advises the Government of the information they are required to disclosure under Fed.R.Crim.P. 16, and that they are obliged only to provide the Government with a summary of Mr. Tufts' opinion.[2]

Mr. Tufts testified as a witness, and was cross-examined by the Government.  At the conclusion of the testimony, the Government stated that it found Mr. Tufts to be qualified and further, had no objections relative to a *Daubert* inquiry.  The Court therefore found Mr. Tufts to be qualified as a tax lawyer, and that he would be allowed to give opinion testimony within the parameters of the opinion he stated on the witness stand at the hearing.  The Government's motion is therefore DENIED AS MOOT.

II.     Objections to Government's Proposed Experts (Re: Doc. 58) by Elizabeth Kupfer (**Doc. 82**) and Defendant Joseph Kupfer's Motion for *Daubert* Hearing and/or, in the Alternative, Motion for Rule 16 Disclosure, and/or, in the Alternative, Motion to Exclude Proposed Expert Testimony (**Doc. 143**).

These motions concern the Government's two IRS Agent witnesses, Agent Lee O'Rear and Agent Crystal Chavez.  Defendants seek to exclude these witnesses because the Government failed to make appropriate expert witness disclosures under Fed.R.Crim.P. 16.

At the hearing, the Court ruled that Defendants' objections were overruled, noting that there is some support in the case law that IRS agents could testify as a summary witness without being designated as an expert, although the law was not entirely clear.  *See U.S. v. Stierhoff*, 549 F.3d 19, 27-28 (1st Cir. 2008) (finding no error where the district court allowed the testimony of

---

[1] "KC" stands for "Kupfer Consulting," which is the business owned by Defendants.

[2] At the hearing, counsel for Defendant Joseph Kupfer indicated that he joined in Defendant Elizabeth Kupfer's motions.

an IRS agent as a "summary witness" without qualifying him as an expert).  Thus, the agents may testify at trial as fact witnesses under Rule 701.   In the alternative, the Court also found that even if Agents Chavez and O'Rear should be designated and qualified as experts under Rule 16, the Government has met its disclosure obligations under Rule 16.

Finally, the Court concluded that a  full-blown *Daubert* hearing is not necessary in order for the Court to fulfill its gatekeeping role under Rule 702.  *See Compton v. Subaru of America, Inc*., 82 F.3d 1513, 1518-19 (10th Cir.), cert. denied, 117 S.Ct. 611 (1996) (*Daubert* is applicable "only when a proffered expert relies on some principle or methodology, and that it is unwarranted in cases where expert testimony is based solely upon experience or training).  Agents Chavez and O'Rear used mathematical calculations and standard IRS forms available to all taxpayers, and which did not involve the use of any untested or unique methodology that would require a hearing.

III.   Defendant Elizabeth Kupfer's Motion in Limine to Preclude Lawrence Hess from Testifying as an Expert and to Exclude Exhibits 20 & 21 and Memorandum of Law in Support **(Doc. 195)** and Defendant Joseph Kupfer's First Motion in Limine to Preclude Opinion and/or Expert Testimony from any Witness Not Previously disclosed as a Possible Expert Witness **(Doc. 198)**.

Defendants seek to exclude two exhibits and to exclude any expert opinion from Mr. Hess, who was Defendants' CPA and tax preparer.  For reasons stated on the record, the Court ruled that Mr. Hess will be testifying as a fact witness.  The Court also ruled that because Defendants have put Mr. Hess' standard of practice into issue through the testimony of Mr. Tufts, Mr. Hess need not be designated as an expert to testify as to his understanding of the professional standards by which he is governed.  Thus, Defendants' objections were overruled.

Defendants also seek to exclude two other witnesses, Stuart Bluestone and Kim Akers as experts.  The Court DENIES this motion as moot, since it is clear these witnesses will not be

giving any expert testimony. Ms. Akers will be called as a fact witness to explain the state process of managed audits. As. to Mr Bluestone, the Government represents that it does intend to elicit testimony from Bluestone during its case-in-chief related to Bluestone's legal background or training, or state law, or the legalities of the HAVA contract.

IV.   United States' Motion in Limine to Preclude Evidence Regarding Possible Sentence or Consequences of Conviction **(Doc. 197)**.

At the hearing, defense counsel conceded to the Government's position on this issue, with which the Court agrees. *See United States v. Greer,* 620 F.2d 1383, 1384 (10th Cir. 1980) (The duty of imposing a sentence rests solely upon this Court and is not a proper consideration for the jury). Thus, the Government's motion is GRANTED.

VI.   Defendant Elizabeth Kupfer's Motion in Limine to Exclude Government's Exhibit 1 and Its Corresponding Summary Exhibit **(Doc. 184)**.

The Court DENIED this motion, finding that the Kupfers' personal bank records to be relevant in that they may be used to demonstrate Defendants unexplained wealth and knowledge of unreported income which exceeded income reported to the IRS. *See, e.g., United States v. Abramson-Schmeiler,* 448 Fed.Apx. 837, 839 (10th Cir. 2011); *United States v. Thompson,* 518 F.3d 832, 850-51 (10th Cir. 2008) (evidence of expenditures that cannot be reconciled with the amount of reported income is circumstantial evidence of tax evasion). The Court also found that the evidence was not unfairly or unduly prejudicial.

VII.   Defendant Elizabeth Kupfer's Motion in Limine to Exclude Evidence of Failure to Pay State Gross Receipt Taxes, State Income Taxes and Government's Exhibits 12, 14, 16 and 17 and Their Corresponding Summary Charts **(Doc. 185)**.

Defendant Elizabeth Kupfer seeks to keep out evidence related to KC and its state tax returns. At the hearing, the Court DENIED the motion, finding the cases cited by the Government to be persuasive in that the evidence in question was relevant to absence of mistake

and intent.  The Court also noted that the level of involvement by Elizabeth Kupfer in the affairs of KC was a question of the weight of circumstantial evidence which should be argued at trial.  The Court also found that this evidence was not unfairly prejudicial to Elizabeth Kupfer.

VIII.   Defendant Elizabeth Kupfer's Amended Omnibus Motion in Limine to Exclude Evidence Regarding the HAVA Contract, Related Exhibits and Witnesses **(Doc. 186)** and Defendant Joseph Kupfer's Third Motion in Limine to Preclude Testimony of Alleged "HAVA" Fraud Charged Under Severed Counts 1–8 **(Doc. 200)**.

The Court took this matter under advisement at the hearing.  It is clear that evidence of the underlying HAVA ("Help America Vote Act") fraud case is not relevant to the tax evasion counts with which Defendants are charged, and the Government has represented that it has no intention of offering Rule 404(b) evidence of fraud or stolen funds.  With regard to witnesses whom Defendants characterize as being proffered for HAVA-related testimony, the Government objects to being required to describing the testimony for each of these witnesses.  The Court agrees with the Government on this point.

It seems reasonable to allow the Government to be able to introduce evidence of Mrs. Kupfer's purported knowledge of large amounts of money coming into the Secretary of State's Office where she worked.  However, it is premature for the Court to determine whether any of this testimony touches impermissibly or unnecessarily on the HAVA contract.  For this reason, the Court DEFERS ruling completely on this motion (including the admissibility of the Government's Exhibit 20, the Gutierrez bank account) until the issue arises at trial during the presentation of testimony.

IX.   Defendant Elizabeth Kupfer's Motion in Limine to Exclude Evidence of 2003 Taxes **(Doc. 187)**.

The Court DENIED this motion at the hearing, finding that this evidence is relevant to establish the baseline of Defendants' income prior to the alleged tax evasion, and to show lack of

mistake. *See United States v. Heise*, 709 F.2d 449, 451 (6th Cir. 1983), *cert. denied*, *Heise v. United States*, 464 U.S. 918 (1983).

X.  Defendant Elizabeth Kupfer's Motion in Limine to Exclude Loan Documents and Its Corresponding Summary Chart, Listed as Exhibit 4 **(Doc. 188)**

The Court DENIED this motion, finding it relevant to Defendants' knowledge of income not reported to their Mr. Hess, who prepared their income tax forms.  The Court also found that under the required balancing inquiry under Rule 403, the probative value of this evidence was not substantially outweighed by the danger of unfair prejudice.

XI.  Defendant Elizabeth Kupfer's Motion in Limine to Exclude Evidence of New Mexico State Criminal Case and Memorandum of Law in Support **(Doc. 193)**.

The Court DENIED this motion as MOOT, based on the Government's representation that it does not intend to present this evidence.

XII.  Defendant Elizabeth Kupfer's Motion in Limine to Exclude Government's Exhibits 8 & 9 **(Doc. 194)**

Defendant WITHDREW this motion.

XIII.  Defendant Joseph Kupfer's Second Motion in Limine to Preclude Testimony Not Within Personal Knowledge of Government's Witnesses **(Doc. 199)**.

The Court DENIED this motion as MOOT, based on the Government's representation of the evidence intends to introduce into evidence.

XIV.  Defendant Elizabeth Kupfer's Motion in Limine to Exclude Government's Exhibits 24–27  **(Doc. 230)**.

Exhibits 24 and 25 relate to Defendants' houses.  Exhibit 26 relates to an investigation report by Elizabeth Kupfer's former secretary that handwriting on some checks is Elizabeth Kupfers.  Exhibit 27 is an invoice for a home theatre which Defendants had installed.   The Government stated that it does not intend to present any of these exhibits as evidence, but that

these exhibits have been marked for identification and reference during trial. Based on the Government's statements, the Court denies the motion as MOOT at this time, although it may be revisited during trial.

XV.   Partial Objection to Government's First Amended Final Exhibit List (Re: Doc. 233), by Elizabeth Kupfer **(Doc. 235)**.

This motion purports to object to exhibits (Exhibits 1-6) which Defendants characterize as Rule 1006 summary exhibits. The Government states that Exhibits 1-6 constitute the actual documents and bank records, and are not summaries. The Government, however, noted that it does intend to introduce other exhibits which would qualify as summary exhibits under 1006, and also exhibits which are meant for illustrative or pedagogical purposes.

Defendants advise the Court that they prefer to admit all underlying documents in this case, including the voluminous bank records. The Court will DEFER ruling on the motion at this time with reference to specific exhibits, particularly because there seems to be some confusion about which exhibits qualify as Rule 1006 exhibits, and which do not. However, the Court makes clear at this time that exhibit presentation to the jury will be kept as clear and simple as possible, and this necessarily precludes either party from massive document-dumping on the jury.

XVI.   USA's Objections to Deft Elizabeth Kupfer's Second Amended Exhibit List (Doc. 252) **(Doc. 263)**.

This motion involves numerous exhibits, which are e-mails and documents dealing with communications and events that took place after Defendants were charged and, according to the Government, have to do with efforts the Kupfers made to pay late taxes. Because the Court has not seen the specific exhibits, the Court DEFERS ruling on this motion until trial.

XVII – Defendant Elizabeth Kupfer's Motion in Limine to Exclude Government Witness, Michael Bodelson **(Doc. 268)**.

Defendant moves to preclude the testimony of Michael Bodelson, who conducted a home remodeling job for Defendants in 2007.   Since the Government states that it will not be bringing Mr. Bodelson's testimony into its case-in-chief, the Court DENIES the motion as moot.

XVIII. Defendant Elizabeth Kupfer's Motion in Limine to Exclude Government's Exhibit 28 **(Doc. 269)**.

Defendant moves to exclude Exhibit 28, which include documents pertaining to an October 2007 financed purchase of a Buick vehicle by Mr. and Mrs. Kupfer.  Defendant contends that the evidence is irrelevant and unduly prejudicial. The Court DEFERS ruling on this matter until trial.

## Conclusion

- United States' Consolidated Motions to Compel Discovery, for *Daubert* Hearings, and to Exclude Evidence Pursuant to Federal Rules of Evidence and Federal Rules of Criminal Procedure as to Counts 9-11 **(Doc. 141)**: DENIED AS MOOT.

- Objections to Government's Proposed Experts (Re: Doc. 58) by Elizabeth Kupfer **(Doc. 82)** and Defendant Joseph Kupfer's Motion for *Daubert* Hearing and/or, in the Alternative, Motion for Rule 16 Disclosure, and/or, in the Alternative, Motion to Exclude Proposed Expert Testimony **(Doc. 143):** Defendants' objections were overruled:  IRS agents may testify at trial as fact witnesses under Rule 701; alternatively,  even if Agents Chavez and O'Rear should be designated and qualified as experts under Rule 16, the Government has met its disclosure obligations under Rule 16;  Finally, the Court concluded that a  full-blown *Daubert* hearing is not necessary in order for the Court to fulfill its gatekeeping role under Rule 702.

- Defendant Elizabeth Kupfer's Motion in Limine to Preclude Lawrence Hess from Testifying as an Expert and to Exclude Exhibits 20 & 21 and Memorandum of Law in Support **(Doc. 195)**: Defendants' motion is DENIED.

- United States' Motion in Limine to Preclude Evidence Regarding Possible Sentence or Consequences of Conviction **(Doc. 197)**: GRANTED.

- Defendant Elizabeth Kupfer's Motion in Limine to Preclude Lawrence Hess from Testifying as an Expert and to Exclude Exhibits 20 & 21 **(Doc. 195)** and Defendant

      Joseph Kupfer's First Motion in Limine to Preclude Opinion and/or Expert Testimony from any Witness Not Previously disclosed as a Possible Expert Witness **(Doc. 198)**: DENIED AS MOOT.

- Defendant Elizabeth Kupfer's Motion in Limine to Exclude Government's Exhibit 1 and Its Corresponding Summary Exhibit **(Doc. 184)**: DENIED.

- Defendant Elizabeth Kupfer's Motion in Limine to Exclude Evidence of Failure to Pay State Gross Receipt Taxes, State Income Taxes and Government's Exhibits 12, 14, 16 and 17 and Their Corresponding Summary Charts **(Doc. 185)**: DENIED.

- Defendant Elizabeth Kupfer's Amended Omnibus Motion in Limine to Exclude Evidence Regarding the HAVA Contract, Related Exhibits and Witnesses **(Doc. 186)** and Defendant Joseph Kupfer's Third Motion in Limine to Preclude Testimony of Alleged" HAVA" Fraud Charged Under Severed Counts 1–8 **(Doc. 200)**: Ruling is DEFERRED on this motion until the issue arises at trial during the presentation of testimony

- Defendant Elizabeth Kupfer's Motion in Limine to Exclude Evidence of 2003 Taxes **(Doc. 187)**: DENIED.

- Defendant Elizabeth Kupfer's Motion in Limine to Exclude Loan Documents and Its Corresponding Summary Chart, Listed as Exhibit 4 **(Doc. 188)**: DENIED.

- Defendant Elizabeth Kupfer's Motion in Limine to Exclude Evidence of New Mexico State Criminal Case and Memorandum of Law in Support **(Doc. 193)**: DENIED AS MOOT.

- Defendant Elizabeth Kupfer's Motion in Limine to Exclude Government's Exhibits 8 & 9 **Doc. 194)**: motion WITHDRAWN.

- Defendant Joseph Kupfer's Second Motion in Limine to Preclude Testimony Not Within Personal Knowledge of Government's Witnesses **(Doc. 199)**: DENIED AS MOOT.

- Defendant Elizabeth Kupfer's Motion in Limine to Exclude Government's Exhibits 24–27  **(Doc. 230)**: DENIED AS MOOT at this time.

- Partial Objection to Government's First Amended Final Exhibit List (Re: Doc. 233), by Elizabeth Kupfer **(Doc. 235)**: Ruling DEFERRED.

- USA's Objections to Deft Elizabeth Kupfer's Second Amended Exhibit List (Doc. 252) **(Doc. 263)**: Ruling DEFERRED.

- Defendant Elizabeth Kupfer's Motion in Limine to Exclude Government Witness, Michael Bodelson **(Doc. 268)**: DENIED AS MOOT.

- XVII – Defendant Elizabeth Kupfer's Motion in Limine to Exclude Government Witness, Michael Bodelson **(Doc. 268)**: DEFERRED until trial.

    **SO ORDERED.**

                                                          _____
                                                          UNITED STATES DISTRICT JUDGE