**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

_____

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                   CRIMINAL NO.: 10-cr-3383 WJ

ARMANDO GUTIERREZ,

        Defendant.

<u>**MEMORANDUM OPINION AND ORDER**</u>
<u>**RULING ON PENDING MOTIONS IN LIMINE**</u>

THIS MATTER comes before the Court upon the following motions in limine pending in this case**:**

- United States' Motions in Limine, filed September 7, 2012 (Doc. 328);

- Defendant Gutierrez' First Motion in Limine to Preclude Opinion and /or Expert Testimony from any Witness not Previously Disclosed as a Possible Expert Witness, filed September 10, 2012 (Doc. 334);

- Defendant Gutierrez' Second Motion in Limine to Exclude Evidence of the New Mexico State Criminal Case, filed September 10, 2012 (Doc. 335);

- Defendant Gutierrez' Third Motion in Limine to Preclude Testimony not Within Personal Knowledge of Government's Witnesses, filed September 10, 2012 (Doc. 336);

- Defendant Kupfer's First Motion in Limine to Preclude Irrelevant and Cumulative Testimony & Testimony not within the Personal Knowledge of Witnesses, filed September 10, 2012 (Doc. 338);

- Defendant Kupfer's Second Motion in Limine to Preclude Unqualified and Inappropriate Opinion Testimony, filed September 10, 2012 (Doc. 339); and

- Defendant Kupfer's Third Motion in Limine Regarding Government's Proposed Exhibits 11 & 12, filed September 10, 2012 (Doc. 340).

## I.      U.S. Motions in Limine, (Doc. 328)

**(a) The Court should not allow any reference to the punishment the Defendants may face upon conviction.**

Defendant has not filed a response to the motion, and none is necessary. It is clear that reference to the possible sentence facing a defendant is inappropriate.  *See United States v. Greer,* 620 F.2d 1383, 1384 (10th Cir. 1980) (The duty of imposing a sentence rests solely upon this Court and is not a proper consideration for the jury).; *U.S. v. Parrish,*  925 F.2d 1293, 1299 (10th Cir. 1991), *abrogated on other grounds by United States v. Wacker*, 72 F.3d 1453 (10th Cir. 1996) ("Unless a statute specifically requires jury participation in determining punishment, the jury shall not be informed of the possible penalties.").  Accordingly, the Government's motion is GRANTED.

**(b) The Court Should Not Allow Any Reference to the Collateral Consequences of the Allegations.**

The Government seeks to exclude Defendants from introducing evidence of their financial difficulties (e.g., filing for bankruptcy) because such evidence is irrelevant to the elements of the offense and to any defense. This motion is therefore GRANTED.

## II.   Defendant Gutierrez' First Motion in Limine to Preclude Opinion and /or Expert Testimony from any Witness not Previously Disclosed as a Possible Expert Witness  (Doc. 334).

Defendants take issue with numerous witnesses included on the Government's latest witness list who were not disclosed as experts and move to exclude them.[1] They claim that testimony regarding agency protocol and policies and procedures are "specialized knowledge" which requires the opinion of an expert.  The Government disagrees with this position,

---

[1]  These witnesses  include (but are not limited to):  Anna Anaya, Ricardo Campos, Roberta Chambers, Bernice Gonzales, Denise Lamb, Ernie Marquez, Theresa Martinez, Martin Mathisen, Ernest Ortega, Lisa Ortiz, Elizabeth Perry, Kathy Rubio, Brian Sanderoff, Zach Shandler, Sam Thompson, Dave Thomson, Hamish Thomson, Evangeline Tinajero, Don Francisco Trujillo, and Patricia Vigil.  Many of these individuals  worked for the Secretary of State.

contending that agency employees typically may offer opinions about agency policies and practices subject under Fed.R.Evid. 701.

Under Fed. R. Evid. 701, the testimony of a lay witness "in the form of opinions or inferences" is admissible if those opinions or inferences "are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue."  The rules of evidence distinguish between the nature of the testimony. *See U.S. v. Caballero*, 277 F.3d 125, 1247 (10th Cir. 2002) (mere fact that witness is expert does not automatically require application of Rule 702, since nature of testimony determines whether Rule 702 applies).  Lay witnesses may express opinions only from personal knowledge and first-hand experience, not on hypothetical situations.  *See Wilburn v. Maritrans GP Inc.*, 139 F.3d 350, 356 (3rd Cir. 1998) (essential difference between lay and expert opinion testimony is that qualified experts may answer hypothetical questions); *Certain Underwriters at Lloyd's v. Sinkovich*, 232 F.3d 200, 203 (4th Cir. 2000 (experts may respond to hypothetical questions, but lay opinions must be based on personal knowledge and first-hand experience). Also, experts may base opinions on their "scientific, technical, or other specialized knowledge" while lay witnesses may not. *Id.*

Many of the witnesses challenged by Defendant were employed by the Office of the Secretary of State.  Thus, the question is whether any opinions they have formed are based on specialized knowledge.  Rule 701 "does not permit a lay witness to express an opinion as to matters which are beyond the realm of common experience and which require the special skill and knowledge of an expert witness." *Randolph v. Collectramatic, Inc.,* 590 F.2d 844, 846 (10th Cir. 1979) (witness's opinion fell outside category of lay opinion because it was based on technical or specialized knowledge relating to a post-fire estimate of pre-fire building).

The Government claims it will be offering foundation for the testimony on each of these witnesses as consistent with Rule 701, and contends that Defendant should not be allowed to obtain a blanket exclusion of these witnesses before that time. The Court agrees and therefore DENIES Defendant Gutierrez' motion at this time, until the Government has the opportunity to make the requisite showing for a foundation under Rule 701.

### III.   Defendant Gutierrez' Second Motion in Limine to Exclude Evidence of the NM State Criminal Case (Doc. 335).

Defendant Gutierrez moves to prohibit the Government from introducing at trial the fact that Mr. Gutierrez is charged in a New Mexico state court case, D-202-CR-2009-04020, *State of New Mexico v. Armando Gutierrez.* The state court case charges Mr. Gutierrez with fifty counts for various state crimes in the Second Judicial District Court of the State of New Mexico. Defendant contends that such any minimally probative value of such evidence is substantially outweighed by the danger of unfair prejudice and confusion under Fed.R.Evid. 403. Defendant also claims that if admitted, evidence of the fact that Mr. Gutierrez is charged with fifty (50) counts in the state court case would "tend to affect adversely the jury's attitude toward [Mr. Gutierrez] wholly apart from its judgment as to [his] guilt or innocence of the crime charged." *U.S. v. Tan,*, 254 F.3d 1204, 1212 (10th Cir. 2001).

The Government maintains that the evidence of the state court indictment is relevant, and seeks to include this evidence on two grounds. First, the Government contends that the evidence is relevant to the bias of Rebecca Vigil-Giron, should she testify in this case. Second, the Government argues that evidence of the fact that a state investigation was underway is admissible because it is relevant to the timing of the production of certain documents produced pursuant to State grand jury subpoenas.

The Court agrees with the first reason, but not the second.  Ms. Vigil-Giron is charged with Defendants Gutierrez and Kupfer in a State indictment arising from the same facts that form the basis of the Federal indictment.  Thus, it is not a stretch to state that Ms. Vigil-Giron is motivated to testify favorably for the Defendants: the exoneration of Defendants in the federal case may have considerable impact on the State's decision on whether to continue its prosecution of Ms. Vigil-Giron. Therefore, the challenged evidence is certainly relevant to bias, and is admissible should Ms. Vigil-Giron testify.   *U.S. v. DeSoto,* 940 F.2d 626,630 (10th Cir. 1991) (questions directed at revealing bias are permissible basis of impeachment, and are relevant and admissible) (citing *U.S. v Abel,* 469 U.S. 45, 50-51 (1984)).

The Government also contends that evidence of the State indictment is relevant to the timing of the production of certain documents by the Defendants pursuant to Federal and State grand jury subpoenas. The documents in question reveal the connection between Kupfer Consulting ("KC") and Armando Guttierez and Associates ("AGA") under the Help America Vote Act ("HAVA"). According to the Government, Mr. Gutierrez failed to produce these documents when requested by the  Election Assistance Commission during a 2007 audit, and produced them only to ward off the threat of a State indictment. Thus, the Government contends that evidence of dates within the state prosecution is essential for the jury to understand the context and import of the timing of the document production.  The Court agrees that the documents which were produced are relevant, but does not agree that the date of production is sufficiently relevant or material to withstand analysis under Fed.R.Evid. 403.  The Court understands the Government's motivation for making the jury aware of the pending State court charges; an indictment containing fifty counts would have a potential impact in convincing the jury that "where there is smoke, there is fire."  However, that is exactly the reason why, without

more (for example, a showing of bias on the part of Ms. Vigil-Giron as a witness), evidence of the State court case is not admissible. *See U.S. v. Tan,*, 254 F.3d at 1211 ("Undue prejudice in the Rule 403 context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.").

Accordingly, Defendant's motion is GRANTED IN PART and DENIED IN PART.  The Government is precluded from introducing evidence of the fact that Mr. Gutierrez is charged in New Mexico state case D-202-CR-2009-04029, *State of New Mexico v. Armando Guttierez*, unless Ms. Rebecca Vigil-Giron testifies, in which case the evidence is admissible for the sole purpose of demonstrating potential bias on the part of Ms. Vigil-Giron.[2]

## IV.  Defendant Gutierrez' Third Motion in Limine to Preclude Testimony not Within Personal Knowledge of Government's Witnesses (Doc. 336).

Defendant Gutierrez requests that the Court prohibit the Government from eliciting testimony from witnesses which is not based upon the personal knowledge of the witnesses and/or which is guess, speculation, opinion, or conjecture.  Defendant cites to specific statements made by various witnesses (most of whom were employed by former New Mexico Secretary of State Rebecca Vigil-Giron) which are arguably uncertain or potentially speculative.[3]

The Court declines to make evidentiary rulings on testimony which has not yet been given.  The Government is not required to provide Defendants at this point with a script of questions and answers for each witness prior to trial.  The Court agrees with the Government on this motion, and DENIES the motion as MOOT at this point.

## V.  Defendant Kupfer's First Motion in Limine to Preclude Irrelevant and Cumulative Testimony & Testimony not within the Personal Knowledge of Witnesses (Doc. 338).

---

[2]  Defendants may request and present to the Court a limiting instruction to this effect.
[3]  The motion does not include specific references to the statements, nor are any of them presented in any sort of context.  Thus, the Court cannot conclude whether these statements are, in fact, speculative.

This motion is identical to the previous one, except that it is filed by Defendant Kupfer instead of Defendant Gutierrez.  Defendant Kupfer requests the Court to exclude certain testimony and witnesses as irrelevant and/or unnecessarily cumulative.  According to the motion, the witnesses include individuals who will testify as to the employment history of Elizabeth Kupfer with the New Mexico Attorney General's Office; witnesses whose testimony appears to address Defendant Gutierrez' interactions with employees and business practices for contracts unconnected to the HAVA media contract at issue; and witnesses who may testify concerning budgetary matters performed by Elizabeth Kupfer, who is not part of the HAVA case being tried.  Defendant contends that the subject matter of the testimony of these witnesses is not relevant to the HAVA case, and also that testimony of several witnesses on the same area is cumulative.

It would appear that matters which are either irrelevant or extraneous to the charges being tried would indeed be precluded.  However, the Government states that it does not intend to ask questions on all matters covered during prior witness interviews or regarding grand jury testimony.  The Court declines to give an advance directive on what areas the Government will be allowed to examine their witnesses, and will address such questions as they come up during trial.  Thus, the motion is DENIED as PREMATURE and MOOT.

**VI.     Defendant Kupfer's  Second Motion in Limine  to Preclude Unqualified and Inappropriate Opinion Testimony (Doc. 339).**

Defendant moves to preclude opinion testimony from several witnesses.  Defendant's objections belong to one of two categories, either that the Government's disclosure about the witness insufficiently provides a basis for the witness's qualifications, or that the witness's

testimony impermissibly usurps the jury's function.  The Court addresses each of the challenged witnesses below.[4]

A.   Joseph M. Ansnick, Curtis Crider and Roger LaRouche

Defendant challenges the qualifications of these individuals to offer opinions regarding New Mexico procurement procedures.  Defendant concedes that Mr. Ansnick, Mr. Crider and Mr. LaRouche are experts in federal grant and contract auditing, but that there is insufficient information in the Government disclosures and in their curriculum vitae regarding their experience relating to State's procurement code.  Thus, Defendant contends that these individuals are unqualified and their opinions are inadmissible.

The Government assures the Court that the field of federal grant and contract auditing requires a familiarity with contract terms, local laws and administrative codes for whatever locality the audit involves. The Government contends that Defendant is free to cross-examine these witnesses regarding whether they have the requisite familiarity with New Mexico rules and regulations.

The Court agrees that exclusion of these auditors' opinions is not warranted.  There may be overlap in certain fields which allow the development of sufficient expertise in a specific subject matter.  *Cmp. Gardner v. Gen. Motors Corp.*, 507 F.2d 525, 528 (10th Cir. 1974)(finding that two experts were qualified even though one may hold more experience and training in the specifics of the limited field of expertise considered) On the other hand, the fact that a witness is qualified as an expert in one field does not necessarily make him an expert in a closely related

---

[4]  Although neither party premises its arguments under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) , the Court is mindful of its gatekeeping function under *Daubert*  as well as under Fed.R.Evid.R.702. However, there does not appear to be any objection to the reliability or relevance of the testimony of the challenged witnesses. Also, Defendant's objection as to the witnesses'  qualifications arise solely from the alleged insufficiency of the Government's disclosure.   Thus, the Court sees no need for a *Daubert* hearing on any of the issues raised in this motion.

field.  *See Ralson v. Smith & Nephew Richards, Inc.*, 275 F.3d 969 (10th Cir. 2001).  In this situation, the Court finds that the Government's argument is reasonable, and the Court finds for now that that these witnesses have the requisite expertise to give an opinion relating to contracts formed under New Mexico's procurement code.  Defendant will have an opportunity to prove otherwise during cross-examination of these witnesses during the time when the Government will be required to lay a foundation on this issue. Thus, this portion of Defendant's motion is DENIED.

B.     Testimony as to Ultimate Issue

Defendant objects to the testimony of Messrs. Ansnick, Crider, LaRouche, Jack Emmons and Paul Kippert as usurping the role of the jury because the testimony relates to the ultimate fact at issue, namely, regarding the validity of portions of the contract, and whether AGA fraudulently received money under the contract.[5] This objection is generally without merit.  Rule 704 of the Federal Rules of Evidence allows an expert to offer opinion evidence even if it "embraces an ultimate issue to be determined by the trier of fact."  Fed.R.Evid.704.  However, the Rule does not  allow the admission of all such opinion evidence  that merely tells the jury what result they should reach.  Fed.R.Evid.704 adv. comm. note.

Expert testimony of this type is often excluded on the grounds that it states a legal conclusion, usurps the function of the jury in deciding the facts, or interferes with the function of the judge in instructing the jury on the law. *U.S. v. Simpson*, 7 F.3d 186, 188 (10th Cir. 1993) (citing *Specht v. Jensen*, 853 F.2d 805, 808 (10th Cir.1988), *cert. denied*, 488 U.S. 1008 (1989)).*U.S. v. Dazey*, 403 F.3d 1147, 1171 (10th Cir. 2005) (an expert may not simply tell the jury what result it should reach without providing any explanation of the criteria on which that

---

[5]  The Government responds to Defendant's objection as to Mr. Kippert, but omits any response regarding Mr. Emmons.  However, the Court assumes that because the objections are similar as to both witnesses, the Government's position would be the same for Mr. Emmons.

opinion is based or any means by which the jury can exercise independent judgment).  Thus, the critical question is whether the expert adequately explores the criteria upon which the opinion is based so that the jury has an independent means by which it can reach its own conclusion or give proper weight to the expert testimony. *Simpson,* 7 F.3d at 188; *cf Karns  v. Emerson Elec. Co*., 817 F.2d 1452, 1459 (10th Cir.1987) (expert explained bases for opinion in sufficient detail to allow jury to make independent judgment).

The Government states that the auditors' testimony will not touch on issues concerning Defendants' state of mind.  According to the Government, these witnesses will testify that they examined costs and payments under the contract, and the numbers do not add up.  The Court relies on the Government's representation that these witnesses will confine their testimony to objective facts and conclusions based on accounting principles, and accordingly, DENIES this portion of Defendant's motion.

C.      Cumulative Testimony

Defendant contends that the testimony of Mr. Ansnick, Mr. Crider and LaRouche is cumulative and tangential.  The Government states that the three auditors worked as a team in the audit of the contract at issue in this case, but that each possesses discrete factual testimony regarding interviews and document production which make it necessary for each witness to present his testimony.  The Court sees the potential for cumulative testimony with regard to these witnesses, but agrees with the Government that the appropriate time for the Court to consider an objection is during trial.  Until then, the motion is GRANTED to the extent that the Government is cautioned prior to trial to minimize such cumulative testimony, and DENIED to the extent that the Court will consider Defendant's objections formally during trial.

D.      Misleading Statement

Defendant objects to the testimony of Messrs. Ansnick, Crider and LaRouche that "the entire state contract with AGA was disallowed as a result of his audit." (Doc. 229, Govt's Notice of Intention to Offer Expert Testimony, at 3, 4 & 6). Defendant claims this statement is misleading in that the audit did not disallow the entire state contract with AGA, but that rather the State of New Mexico agreed to use state funds instead of federal funds for the AGA contract. The Court agrees with the Government that if Defendant disagrees with the nuances of certain statements made by the Government's witnesses, cross-examination is the proper way to express an objection. Thus, this motion is DENIED on these grounds as well.

## VII.    Defendant Kupfer's Third Motion in Limine  Regarding Government's Proposed Exhibits 11 & 12 (Doc. 340).

Defendant Kupfer seeks to exclude Government Exhibits 11 and 12, which are, respectively, the New Mexico Attorney General report and calculations regarding AGA/HAVA, and the Election Assistance Commission's report and calculations. These are extremely lengthy and unredacted documents which Defendant contends should be excluded until such time as the Government specifies which portions it will seek to introduce because Defendant is not otherwise in a position to offer evidentiary challenges to this proposed evidence.

The Court DENIES this motion, based on the Government's representation that it does not intend to offer either exhibit into evidence in its case-in-chief, and has included these exhibits for identification purposes only.

**SO ORDERED**.[6]

---

[6]  Other pending motions will be taken up by the Court at the pretrial conference scheduled  October 9, 2012. *See* Doc. 134.

UNITED STATES DISTRICT JUDGE