IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

  vs.                                    Crim. No. 10cr3383 WJ

JOSEPH C. KUPFER and
ARMANDO GUTIERREZ,

    Defendants.

## ORDER ON PENDING MOTIONS IN LIMINE, VOIR DIRE, PEREMPTORY CHALLENGES AND CLOSING ARGUMENTS

THIS MATTER comes before the Court upon pending motions in limine. A hearing was held on these matters, and the Court ruled on the following motions.

**I.     Defendant Kupfer's Motion in Limine to Preclude Evidence Relating to Severed Tax Evasion Counts (Doc. 337).**

The Court ruled in favor of the Government, DENYING the motion. The Court found that evidence that Defendant Kupfer failed to declare on his tax forms the income from the AGA contracts is intrinsic evidence of consciousness of guilt. However, even if this evidence is extrinsic evidence, it is admissible for a proper purpose under Fed.R.Evid.404(b) for reasons stated on the record.[1]

**II.    Defendants' Motion in Limine to Preclude Evidence Relating to Extraneous Contracts and Objections to the United States' Notice of Intention to Introduce Evidence Pursuant to Fed. Rule of Evid. 404(b) (Doc. 341).**

---

[1] The Government has represented to the Court that it does not intend to offer evidence of Mr. Kupfer's guilty conviction on income tax evasion charges arising from the counts that were severed out for separate trial. Defendants are cautioned that if they "open the door," then the Court may then allow the Government to introduce the conviction.

These contracts pertain to (1) the contract between Armando Gutierrez and Associates ("AGA") and the New Mexico Attorney General's Office ("AGO") regarding elder abuse, and AGA's contract with the AGO's office regarding the harmful effects of smoking; and (2) Defendant Kupfer's three "sole source" contracts with the Secretary of State's ("SOS") office for work related to polling place accessibility for disabled persons under the Help America Vote Act ("HAVA").  At the hearing, the Court DENIED the motion.

The Court ruled that AGA's anti-smoking contracts was extrinsic evidence, but that the evidence was admissible because the Government was offering the evidence for a proper purpose under Rule 404(b); and also because the probative value is not substantially outweighed by the danger of unfair prejudice or confusion.  The Court advised defense counsel that a limiting instruction may be submitted for the Court's consideration.  Regarding Defendant Kupfer, the Court ruled that evidence of the anti-smoking contract was intrinsic to the factual circumstances of the crime and provides contextual or background information to the jury.  However, even if the evidence were extrinsic, it would satisfy the requirements under Rule 404(b), for reasons stated on the record.

The Court ruled that the AGA contract with the AGO regarding elder abuse was extrinsic, but it is admissible because the evidence shows the relationships at the heart of the alleged conspiracy and is offered for a proper purpose under Rule 404(b); and because the probative value is not substantially outweighed by the danger of unfair prejudice or confusion.  Defense counsel may tender an appropriate limiting instruction.

Defendant Kupfer's contracts with the SOS were found to be admissible because they are intrinsic evidence, showing that these contracts were shams and were fraudulent because Defendant Kupfer was already obligated to perform those activities under his agreement with AGA relating to the HAVA contracts.

**III.     Government's Second Set of Motions in Limine (Doc. 425, filed 11/28/12)**

At the hearing, the Court GRANTED the Government's motion in part as to finding that any testimony by Rebecca Vigil-Giron as to the specific monetary value of Defendants' work under the HAVA contract is inadmissible.  No foundation has been laid as to Ms. Vigil-Giron's qualifications to determine a monetary value for this work.

However, based on the allegations in the Superseding Indictment, the Court believes Ms. Vigil-Giron (assuming she will testify) would be qualified to testify as the chief elections official that the contract with AGA met her expectations as Secretary of State of New Mexico.  The Government's motion is DENIED in this respect at this time; however, if Ms. Vigil-Giron does testify at trial, the Court intends to revisit the parameters of Ms. Vigil-Giron's testimony outside the presence of the jury when there can be a more detailed proffer of her testimony.

The Court also found that the amount or level of voter participation is not relevant, and there will be no testimony on this subject, except as rebuttal testimony by the Government's expert witness, Brian Sanderoff, in the event such rebuttal testimony is necessary is allowed.

**IV.     Voir Dire, Peremptory Challenges and Opening Statements**

The Government will be allowed fifteen (20) minutes for voir dire; Defendants are allowed ten (15) minutes each, after questioning from the Court.

The Government will be allowed no more than forty-five (45) minutes for opening statements, and each Defendant will be allowed up to thirty (30) minutes.

The Government will be allowed six (6) peremptory challenges, and Defendants collectively are allowed a total of ten (10) peremptory challenges.

**SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE